630 S.E.2d 283

**In the Matter of SPARTANBURG COUNTY MAGISTRATE Johnny Lee CASH, Respondent.**

**No. 26143.**

Supreme Court of South Carolina.

Submitted April 18, 2006.

Decided May 8, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Robert M. Holland, of Spartanburg, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RJDE, Rule 502, SCACR. The facts as set forth in the Agreement are as follows.

## FACTS

On November 2, 1991, respondent was married. He worked as a magistrate's constable for several years, became a part-time magistrate in the late 1990s and, eventually, a full-time magistrate in 2001.

Respondent met Female 1 when he was working as a magistrate's constable. They were co-workers on friendly terms until sometime in the summer of 2003 when she began to confide in respondent about certain employment-related concerns and her fear that her job was in jeopardy due to circumstances involving another magistrate.

Female 1 became aware that respondent frequently worked on a boat at a friend's house during the evening. Respondent told Female 1 they could talk at the friend's house.

Female 1 met respondent at the friend's' house on a few occasions and, on at least one of those occasions, engaged in sexual activity. The sexual activity constituted adultery.

Respondent and Female 1 acknowledge engaging in sexual activity on a second occasion.

Female 1 reported to ODC that, although she did have a close relationship with respondent, she viewed respondent's flirting as horseplay and never took it seriously. Female 1 later informed ODC that she engaged in sexual activity with respondent only because his first initiation of sex surprised her and, due to her fragile emotional state caused by other employment-related concerns, including fear of losing her job, she believed she could not refuse his advances.

Respondent represents he believed the sexual activity with Female 1 was mutually desired. Respondent also represents that Female 1 neither appeared emotionally fragile nor did she say or do anything to suggest to him that her involvement was other than completely free and voluntary.

Female 2 has worked for the Magistrate Court for more than twenty years. Respondent met her while he was a constable. When he became Chief Magistrate in early 2004, respondent's supervisory responsibilities caused him to inter-act more frequently with Female 2.

According to respondent, he and Female 2 realized they were both in failed relationships with their spouses and eventually fell in love. Respondent acknowledges engaging in extra-marital sexual activity with Female 2 on several occasions while she was employed by the Spartanburg Magistrate Court, including on two occasions while attending court-related seminars out of town.

On March 18, 2005, respondent's wife filed a complaint seeking a divorce from respondent on the ground of adultery. The divorce was granted by order filed August 5, 2005. Female 2 was also divorced from her husband and, subsequently, married respondent. Both continue to be employed in the Spartanburg Central Magistrate Court.

Before respondent's romantic relationship with Female 2, but while he was the Chief Magistrate, respondent made administrative changes in the Spartanburg Central Magistrate Court that included a promotion for Female 2. Respondent contends the promotion was based exclusively on merit, experience, and longevity, but acknowledged that, in hindsight, it may have had the appearance of being based on favoritism.

## *LAW*

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 4 (judge shall conduct his extra-judicial activities as to minimize the risk of conflict with his judicial obligations); and Canon 4A(2) (judge shall conduct all extra-judicial activities so they do not demean the judicial office). By violating the Code of Judicial Conduct, respondent admits he has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and remove respondent from office. It is therefore ordered that respondent be removed from office as of the date of the filing of this opinion.

**REMOVED FROM OFFICE.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.